IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVELIN INVESTMENTS, LLC, *ET AL.*, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| *v.* | § | Civil Action H-05-3379 |
| | § | |
| ANGELA MCGINNIS AND MICHAEL | § | |
| MCGINNIS, | § | |
|     *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

Prevailing defendants have filed a motion (Dkt. 139) seeking an award of attorney's fees and costs in this copyright infringement case pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1927.  The court recommends that the motion be granted and defendants be awarded judgment for attorney's fees and costs in the amount of $251,907.62.  Plaintiffs' motion for discovery and an evidentiary hearing (Dkt. 143) is denied.

## I.   Procedural Background

Plaintiffs filed this action on September 30, 2005, asserting breach of contract and copyright infringement claims against the McGinnises.  On August 21, 2006, the district court adopted this court's recommendation and dismissed the breach of contract claim based on *res judicata*.  On February 8, 2007, the district court adopted this court's recommendation and dismissed plaintiffs' claim for copyright

infringement.  The district court issued a final judgment in favor of defendants on all claims in this case (Dkt. 138).

## II.   <u>Analysis</u>

17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a  reasonable attorney's fee to the prevailing party as part of the costs.

The Fifth Circuit has stated that, while left to the trial court's discretion, attorney's fees pursuant to § 505 "are the rule rather than the exception and should be awarded routinely."  *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994).  This remains the law in the Fifth Circuit after the Supreme Court's decision in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  *Hogan Sys., Inc. v. Cybresource Int'l, Inc.*, 158 F.3d 319, 325 (5th Cir. 1998); *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381-82 (5th Cir. 2004); *Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 411-12 (5th Cir. 2004).

In *Fogerty*, the Supreme Court, rejected both the "dual standard" approach of the Ninth Circuit, under which prevailing plaintiffs are routinely granted fees but prevailing defendants must show bad faith, and the "British Rule," under which prevailing parties automatically recover fees.  510 U.S. at 534.  Instead, the Supreme

2

Court established an "evenhanded standard" under which prevailing plaintiffs and prevailing defendants are treated alike, but attorney's fees are awarded only as a matter of the court's discretion. *Id.* In *Hogan*, the Fifth Circuit explained that its *McGaughey* rule is not inconsistent with *Fogerty*:

> [T]he case law of the Fifth Circuit[] is in accord with the Supreme Court rule in *Fogerty*. Hogan would have this court believe that the Fifth Circuit's 'discretionary but routinely awarded' *McGaughey* standard for attorney's fees is the same as the British Rule and thus has been rejected explicitly by the Supreme Court. It is clear that this is not the case. The language of *Fogerty* clearly allows for judicial discretion in determining whether attorney's fees should be awarded. So does the *McGaughey* rule. We thus hold that the district court properly considered *McGaughey* when conducting its *Fogerty* analysis of whether to assess costs and attorney's fees against Hogan.

158 F.3d at 325.

The *Fogerty* court did not establish a precise rule or formula for making an attorney's fees determination, but noted that the court's discretion may be guided by factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence . . . so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Fogerty*, 510 U.S. at 535 n.19 (internal quotes and citation omitted). The Fifth Circuit has approved the

use of the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d

714, 717-19 (5th Cir. 1974),[1] in determining the amount of an award under § 505.

*Hogan*, 158 F.3d at 325-26.

Defendants seek an award of attorney's fees and costs of $280,197.40.

Defendants argue that *Fogerty* supports the award they seek because plaintiffs

pursued an untenable copyright claim.  While not expressly arguing that plaintiffs

acted in bad faith, defendants contend that plaintiffs shifting positions in this case

highlight the objective unreasonableness of plaintiffs' factual and legal positions.

Defendants further present persuasive argument and evidence that the *Johnson*

factors, including the time and labor involved, the novelty and difficulty of the

questions involved, the specialized skill of counsel, the customary fees in similar

cases, awards in similar cases,[2] and the high stakes involved (the preservation of their

---

[1]   The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee [for similar work in the community]; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  488 F.2d at 717-19.

[2]   According to statistics from 2005, the average attorney's fees award in copyright infringement cases in Texas involving less than one million dollars litigated through the end of discovery was $305,000. Exhibit F to defendants' motion.

4

home), weigh in favor of granting their motion.

Plaintiffs object[3] to defendants' request for attorney's fees on five grounds: (1) plaintiffs brought the case in good faith; (2) defendants' fees are excessive; (3) defendants' fees were unnecessary because this case should have been dismissed sooner based on 17 U.S.C. § 120(b); (4) defendants' request for attorney's fees includes non-attorney fee items such as courier fees and Westlaw research, as well as fees related to a defendant voluntarily dismissed by plaintiffs; and (5) defendants likely will never have to pay the fees.

Plaintiffs do not claim that the rates charged by counsel are unreasonable.  Nor do plaintiffs dispute that defendants prevailed in the underlying action.  Further, plaintiffs do not dispute that an award of fees and costs under § 505 is a matter of the court's discretion.  While plaintiffs cite no authority in support of their objections (other than as to certain costs), in essence plaintiffs argue that certain of the *Fogerty* and *Johnson* factors weigh against awarding over $280,000 in fees and costs in this case.  The court addresses each objection below.

---

[3]     Defendants correctly assert that plaintiffs' objection was filed late.  Local Rule 54.2 provides that objections to a request for attorney's fees must be filed within 5 days. Plaintiffs filed their objections within the usual 20 days for responding to a motion. The court nonetheless has considered plaintiffs' objections in making its ruling.

A.    **Plaintiffs' Good Faith**

Plaintiffs' contention that it filed its copyright action in good faith based on the expert opinion of Carl Mattern is somewhat suspect.  As defendants point out, Mattern's expert report (Dkt. 120) is purportedly based on his October 27, 2006 field survey and subsequent review of plans, while plaintiffs filed this suit over a year earlier on September 30, 2005.  Moreover, as noted in this court's Memorandum and Recommendation, it is unclear whether Mattern, who is an engineer, is qualified to give an expert opinion as to copying of architectural plans.[4]  Finally, Lynda Wood did not file a copyright registration until September 29, 2005, the day before filing suit, and the registration she did file is inconsistent in some ways with positions taken by plaintiffs' in this lawsuit.  However, the court need not, and does not, issue a finding as to plaintiffs' good (or bad) faith to resolve the current motion.  A prevailing defendant is not required to prove a plaintiffs' bad faith in order to recover attorney's fees post-*Fogerty*.

The *Fogerty*-endorsed factors of the factual and legal unreasonableness of plaintiffs' claims support an award of fees in this case.  While declining to infer bad faith on the part of plaintiffs,[5] this court noted in its opinion plaintiffs' "head-

---

[4]      Dkt. 132, at 19 n.37.

[5]      *Id.* at 9 n.14.

swerving" changes of position regarding Wood's authorship of the plans at issue in this case.   In addition, this court found plaintiffs legal arguments against the application of 17 U.S.C. § 120(b) to "def[y] common sense"[6] and to be "untenable as a matter of law."[7]   The court finds that plaintiffs' assertion of good faith does not prevent an award of attorney's fees in this case.

## B.   Excessiveness of Defendants' Fees

Plaintiffs' second objection is based on the premise that $281,000 is too much to spend on fees in a $350,000 case.  The court is not aware of anything in the record indicating this was a $350,000 case, and plaintiffs have not cited any pleading, discovery, or other communication informing defendants that plaintiffs were seeking $350,000 in damages.  Plaintiffs' complaint requests an injunction "impounding and destroying the Infringing House," and requiring defendants to "turnover all assets used to infringe Wood's copyrights."[8]   Plaintiffs thereafter filed a motion for preliminary injunction seeking to require the defendants to stop construction on the house, and to forbid them from selling, renting or transferring the house without the

---

[6]   *Id.* at 16.

[7]   *Id.* at 19.

[8]   Dkt. 2, at ¶ 37.

express written permission of Lynda Wood.[9]  The non-monetary relief sought by plaintiffs in this case justified a vigorous defense, even if actual damages were limited to $350,000.   Contrary to plaintiffs' unsupported assertion, defendants' fees of $281,000 are not *per se* unreasonable.

### C.   Necessity of Defendants' Fees

In their third objection, plaintiffs argue that if this case was as frivolous as defendants' contend, they should not have had to spend so much to defend it. Plaintiffs' position is somewhat confounding.  On the one hand, plaintiffs concede that the matter was vigorously litigated, and contend that the size of the fee request indicates the case was not frivolous or baseless.  On the other hand, plaintiffs contend that a large portion of the fees could have been avoided if defendants simply made a quick motion to dismiss under 17 U.S.C. § 120(b) instead of pursuing discovery and summary judgment motions.  Plaintiffs seem to be saying that they should not be responsible for fees in this case because all they did was file the case, and defendants are the ones who took so long to get it dismissed.

Plaintiffs filed this case while a related state court proceeding was pending. Defendants' early arguments for dismissal of this case were not frivolous. Defendants' fees for pursuing possible procedural bars to this litigation before

---

[9]     Dkt. 11, at 3.

attacking the merits were not unnecessary simply because defendants could have pursued a different strategic tack.

Plaintiffs also assert that defendants' unreasonable actions in discovery increased their fees. The defendants likewise characterize plaintiffs' discovery tactics in this case as unreasonable, or worse. The court will not engage in the parties' tit-for-tat on this point. Suffice it to say that the parties in this case did not agree on much. In the court's opinion, defendants' actions in defending this lawsuit were not so unreasonable as to preclude awarding their attorney's fees in their entirety.

However, plaintiffs do identify a couple of invoice entries for attorney work that was not necessary to the defense of this action. Defendants' request includes .60 hours (at $180.00) for preparing the answer of Tommy Edwards, who purportedly answered plaintiffs' complaint *pro se*,[10] and whom plaintiffs voluntarily dismissed shortly thereafter. The award will be reduced by $108.00 to eliminate this charge. In addition, defendants seek fees for multiple lawyers to prepare for and attend hearings on July 16, 2006 and January 9, 2007 at which only Mr. Keville argued. The award will be reduced by $1,920.00 to eliminate unnecessary fees for attendance of

---

[10]     *See* Dkt. 17.

extra lawyers at the hearings.[11]

### D.   <u>Inclusion of Non-Fee Charges</u>

Plaintiffs object to several charges for which defendants' seek recovery because they are not "attorney's fees."  Section 505 clearly contemplates the recovery of costs as well as attorney's fees.  Plaintiffs do not explain why defendants are not entitled to recover costs, objecting only that the identified charges are not attorney's fees.

Unless otherwise authorized by statute, the types of costs that may be awarded under Federal Rule of Civil Procedure 54(d) are limited to those enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  While 17 U.S.C. § 505 is a statute other than Rule 54(d) that authorizes recovery of costs and thus controls this case, this statute does not expressly authorize costs other than those enumerated in 28 U.S.C. § 1920.  *See Artisan Contractors Assoc. of America, Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1039 (11th Cir. 2001). Section 28 U.S.C. § 1920 authorizes recovery of the following costs:

(1) fees of the clerk and marshal;

---

[11]   This reflects 2.9 hours each for Ms. Henry and Mr. Gallagher related to the July 19, 2006 hearing, and 1.90 hours each for the January 9, 2007 hearing.  The court has allowed the time Ms. Henry and Mr. Gallagher attributed to preparing for the hearings and meeting with Mr. Keville on the theory that this work assisted Mr. Keville in presenting his arguments.

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under section 1923 of this title; and

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiffs have identified a few charges that are not properly taxed as costs. Defendants have submitted one charge that relates to a filing in the Eastern District of Texas, where no activity occurred. This $15.00 charge will be deducted from the award.

More substantially, plaintiffs object to inclusion of charges for Westlaw and Lexis computer-aided research. While these charges arguably are recoverable as attorney's fees, they are clearly not taxable costs under § 1920. *Invessys, Inc. v. McGraw-Hill Cos., Ltd.*, 369 F.3d 16, 22-23 (1st Cir. 2004); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995); *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409-10 (7th Cir. 2000). The court exercises its discretion not to award the Westlaw and Lexis charges as part of the attorney's fees in this case (as opposed to the time billed by lawyers for conducting the research) because it is unclear that these charges were actually paid by the law firms to the third-party providers. *See Frontier Ins.*, 275 F.3d at 1039. The recommended award will be reduced for this reason by

11

$19,781.78.

Finally, the court finds that defendants are not entitled to recover their expert witness expenses of $6,465.00 as an element of either costs or fees. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *West Va. Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 88-89 (1991), *abrogated by statute on other grounds*.

### E.   Alleged Fee Agreement and Request for Discovery

Plaintiffs contend that fees should be denied because defendants will not have to pay them.  Based on defendant Michael McGinnis's position as an in-house attorney with El Paso Energy Corp., plaintiff speculates that McGinnis has "traded" his ability to send defense counsel El Paso legal business for free representation in this case.  Plaintiffs have no evidence of any such agreement, but seek leave to conduct discovery to try to find some.

Plaintiffs request for discovery is denied.  Further discovery only would increase  unnecessarily the costs and fees already expended in this case.  Plaintiffs have cited no authority for the proposition that an attorney's fee award is limited to the amount the client will actually have to pay.  As the Fifth Circuit has declared in another context:  "What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order."  *Gobert v.*

*Williams*, 323 F.3d 1099, 1100 (5th Cir. 2003).  *Gobert's* distinction between an attorney/client fee agreement and a court-ordered attorney's fee award supports defendants' position that fees in this case should be determined by the standards of *Fogerty* and *Johnson*, not any private agreement (assuming one exists).

Plaintiffs' argument is simply that the court should exercise its discretion to deny fees based on equity.  Such a ruling would not further the purposes of the Copyright Act, which is designed to enrich the general public through access to creative works.  "[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Forgerty*, 510 U.S. at 527.  The court rejects plaintiffs' equity argument.

## III.   Conclusion and Recommendation

Having considered all the relevant factors, the court recommends that defendants be awarded their fees and costs pursuant to 17 U.S.C. § 505,[12] and that plaintiffs' objections be in large part overruled.  For the reasons explained above, the court recommends that defendants' request be reduced by $28,289.78 for a total award of attorney's fees and costs in the amount of $251,907.62.

---

[12]   Because the court has determined that fees and costs are recoverable under § 505, it does not consider 28 U.S.C. § 1927.

The parties have ten days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* FED. R. CIV. PRO. 72.

Signed at Houston, Texas on March 30, 2007.


Stephen Wm Smith
United States Magistrate Judge